UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT CALLENDER, II,<br><br>                  Plaintiff,<br>v.<br>DELTA AIRLINES, INC.,<br><br>                  Defendant. | Case No. 2:14-cv-02199-KJD-PAL<br><br>ORDER<br><br>(IFP App – Dkt. #1) |

Plaintiff Robert Callender, II, is proceeding in this action pro se. He has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and he submitted a complaint. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-3 and 1-4.

**I.    In Forma Pauperis Application (Dkt. #1).**

Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

///

1 the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v.*
2 *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

3    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a
4 complaint for failure to state a claim upon which relief can be granted. Review under Rule
5 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of*
6 *America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and
7 plain statement of the claim showing that the pleader is entitled to relief. *See* Fed. R. Civ. P.
8 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not
9 require detailed factual allegations, it demands "more than labels and conclusions" or a
10 "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
11 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all
12 well-pled factual allegations contained in the complaint, but the same requirement does not apply
13 to legal conclusions. *Id.* Mere recitals of the elements of a cause of action, supported only by
14 conclusory allegations, do not suffice. *Id.* at 679-80. Secondly, where the claims in the
15 complaint have not crossed the line from plausible to conceivable, the complaint should be
16 dismissed. *Twombly,* 550 U.S. at 570.

17    Plaintiff's complaint alleges that he was employed as a ramp agent by Defendant Delta
18 Airlines, Inc. beginning in August 2009. On July 8, 2013, he was working in that position with
19 his supervisor Kevin Dalton and another ramp agent, Yariel Penalver, unloading baggage from
20 the rear compartment of a plane that had landed at McCarran Airport in Las Vegas, Nevada.
21 Plaintiff alleges that when the rear cargo bin was emptied, he took the baggage to the claim area.
22 Plaintiff contends he was not advised there was additional baggage in the front cargo bin. After
23 he returned from the claim area approximately fifteen minutes later, he assisted Dalton and
24 Penalver, who were in the process of loading new baggage onto the same aircraft. The plane
25 then left for Minneapolis with ninety-five bags on board that should have been offloaded in Las
26 Vegas.

27    After the mistake was discovered, Plaintiff, Penalver, and Dalton all wrote statements,
28 and on July 11, 2013, Plaintiff was interviewed by his supervisors and Las Vegas Department

2

1  Manager Benjamin Glen. He was suspended and told his case would be sent to the review board
2  to determine whether he would keep his job. On July 26, 2013, Glen terminated Plaintiff's
3  employment. Plaintiff requested and received his personnel file from Delta's Human Resources
4  Department on August 6, 2013, and discovered Glen had recommended Plaintiff be terminated,
5  and his case was never presented to the review board. He also learned he had been terminated
6  for failure to follow established procedures, which led to the failure to offload the bags.
7  Specifically, Plaintiff was terminated because he failed to ask Dalton what his duties were when
8  Plaintiff returned from the baggage claim area.

9  The Complaint alleges Glen fabricated a procedural violation in order to justify Plaintiff's
10  termination. He spoke with other employees after his termination and learned that Delta's
11  Baggage Services Office had attempted to call Brian Hoskings, the Ramp Operations Agent on
12  duty, multiple times about the missing bags. Hoskings failed to inform Dalton about the phone
13  calls or the missing bags. Hoskings, who is Caucasian, was not terminated for his involvement;
14  instead, he was placed on probation. Plaintiff alleges Hoskings provided Delta a false statement
15  to minimize Hoskings own involvement in the events of July 8, 2013, and to cover up his failure
16  to advise Dalton of the remaining bags in the front cargo area before the plane took off for
17  Minneapolis.

18  The complaint attempts to state a claim under 42 U.S.C. § 1981 for race
19  discrimination/disparate treatment. Plaintiff alleges he is African-American, and he was treated
20  differently than similarly-situated employees who were not. He contends Delta intentionally
21  discriminated against him on the basis of race by terminating him and only placing a white
22  employee, Hoskings, on probation.

23  In order to state a claim under § 1981, a plaintiff must allege that (a) he is a member of a
24  racial minority; (b) defendant intentionally discriminated against him on the basis of race; (c) the
25  discrimination concerned one or more of the activities set forth in the statute (i.e., the right to
26  make or enforce contracts, sue and be sued, give evidence, etc.) CITE  Section 1981 is not "a
27  general proscription of racial discrimination . . . it expressly prohibits discrimination only in the
28  making and enforcement of contracts." *Patterson v. McLean Credit Union*, 491 U.S. 164, 176

(1989). In 1991, Congress amended § 1981 to include "enforcing the terms of a contract," which the Supreme Court explained brought "post[-]formation conduct, including discriminatory termination, within the scope of § 1981." *Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470, 476 (2006). However, the Court reinforced § 1981's focus on contractual relationships and stated that a plaintiff cannot state a claim under § 1981 unless he has or would have rights under an existing or proposed contract that he wants to make and enforce. *Id.* at 479-80. Here, Plaintiff does not allege that he was a contractual employee of Delta, or that he had or would have rights under an existing or proposed contract with Delta. Therefore, he has not stated a claim under § 1981, and this claim will be dismissed with leave to amend.

Plaintiff has, however, stated a claim for race discrimination/disparate treatment under Title VII of the Civil Rights Act of 1964. Title VII allows a plaintiff to sue an employer for discrimination on the basis of race, color, religion, gender or national origin, but it limits liability to an employer rather than individual employees. *See* 42 U.S.C. § 2000e(b). Plaintiff has alleged that: (a) he belonged to a protected class; (b) he was qualified for her job; (c) he was subjected to an adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)). *See* 42 U.S.C. § 2000e-3(e). In addition, he has alleged that he has exhausted his administrative remedies and has attached a right to sue letter from the Equal Employment Opportunity Commission to the complaint. Accordingly, he has stated a claim for disparate treatment under Title VII.

As set forth above, the court will allow Plaintiff leave to amend if he believes he can cure the deficiencies in his § 1981 claim. The court will direct the Clerk to file the complaint but will allow Plaintiff thirty days to file his amended complaint, if he chooses to do so. If he does, the court will screen the amended complaint and direct service if appropriate. If Plaintiff elects to proceed in this action by filing an amended complaint, he is advised that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v.*

4

1  *Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original
2  pleading no longer serves any function in the case.  In other words, Plaintiff must re-allege his
3  Title VII claim in the amended complaint, should he choose to file one, for that claim to remain
4  pending before the court.

5  If Plaintiff chooses not to file an amended complaint, the court will direct service of the
6  Title VII claim as alleged in the original complaint after the deadline to amend has expired.

7  Accordingly,

8  **IT IS ORDERED:**

9  1. Plaintiff's request to proceed in forma pauperis is GRANTED.  Plaintiff shall not
10     be required to pay the filing fee of four hundred dollars.
11  2. Plaintiff is permitted to maintain this action to conclusion without the necessity of
12     prepayment of any additional fees or costs or the giving of a security therefor.
13     This Order granting leave to proceed in forma pauperis shall not extend to the
14     issuance of subpoenas at government expense.
15  3. The Clerk of Court shall file the complaint but shall not issue summons.
16  4. Plaintiff shall have until **April 20, 2015**, to file an amended complaint, if he
17     believes he can correct the noted deficiencies.  The amended complaint must be a
18     complete document in and of itself and will supersede the original complaint in its
19     entirety.  Any allegations or requests for relief from prior papers that are not
20     carried forward in the amended complaint will no longer be before the court.
21  5. Plaintiff shall clearly title the amended complaint as such by placing the words
22     "FIRST AMENDED COMPLAINT" below the case number, **2:14-cv-02199-**
23     **KJD-PAL**, on page 1 in the caption.

24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

6. If Plaintiff chooses not to file an amended complaint, the court will direct service of the Title VII claim in the original complaint on Defendant Delta Airlines, Inc., once the deadline to amend has expired.

Dated this 23rd day of March, 2014.

                                              PEGGY A. LEEN
                                              UNITED STATES MAGISTRATE JUDGE