# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT CALLENDER, II,

    Plaintiff,

v.

DELTA AIRLINES, INC.,

    Defendant.

Case No. 2:14-cv-02199-KJD-PAL

**ORDER**

Presently before the Court is Plaintiff's Motion to Strike Defendant's Answer and Pleadings (#86). Defendant filed a response (#89) after filing a Motion to Extend Time to Respond to Plaintiff's Motion to Strike Answer (#88). Also before the Court is Plaintiff's Motion to Extend Time to Amend Motion to Strike (#90) and Plaintiff's First Amended Motion to Strike Defendant's Answer and Pleadings (#91) which Plaintiff attempted to supplement (#93). Also before the Court is Defendant's Motion to Strike Plaintiff's Motion to Strike (#92).

**I. Background**

On September 5, 2017, this Court granted Defendant's Motion for Summary Judgment (#83), awarding judgment for Defendant Delta Airlines, Inc., and against Plaintiff Robert Callender, II. Plaintiff failed to establish a prima facie case that would give rise to an inference of unlawful discrimination. As one of many points of evidence against Plaintiff's claim that Defendant had

allegedly terminated his employment on the basis of his race was the fact that two other co-workers of different races had also been terminated for their involvement in the same workplace incident. Plaintiff is African-American, his co-worker Penalver is Hispanic, and his co-worker Dalton is Caucasian. Plaintiff now argues that Penalver, whom the Court believed to be Hispanic, is actually African-American, and that Defendant actively intended to hide this fact in order to deceive the Court.

**II. Legal Standard**

The Court notes that Plaintiff is *pro se*, meaning that his submissions to the Court are "to be liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Accordingly, the Court will liberally construe Plaintiff's Motion as a motion for reconsideration.

A Plaintiff may seek reconsideration pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). A Rule 59(e) motion must be filed no later than ten days following entry of the final judgment. See Fed. R. Civ. P. 59(e). As Plaintiff filed his first Motion (#86) almost one month after the Court entered judgment for the Defendant, the Court will analyze Plaintiff's Motion under Rule 60(b).

Reconsideration under Rule 60(b) is appropriate only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an adverse party's fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60(b). A party can obtain relief under Rule 60(b) only upon an adequate showing of exceptional or extraordinary circumstances. See Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir. 1995).

A motion for reconsideration under either Rule 59(e) or 60(b) should not merely present arguments previously raised; it is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. See Maraziti, 52 F.3d at 255. Additionally, it is not an abuse of

1  discretion for a district court to decline to address an issue raised for the first time in a motion for
2  reconsideration. See 389 Orange Street Partners v. Arnold, 178 F.3d 656, 665 (9th Cir. 1999).

**III. Analysis**

Plaintiff fails to make an appropriate showing of any of the factors considered under Rule 60(b). Plaintiff alleges Defendant has "made a fraud on the Court" by misrepresenting that Penalver— at least according to Plaintiff— is not Hispanic, but rather African-American. However, Penalver's own Employee Data Form states he self-identified as being "Hispanic or Latino." Regardless, this argument further shows that Plaintiff is ultimately missing the point: Penalver's race does not change Plaintiff's involvement in the July 8, 2013 incident that resulted in his firing, Penalver's firing, and Caucasian co-worker Dalton's firing. Three individuals of at least two different races were all fired because they made a serious mistake on the job— they failed to unload ninety-five bags from Flight 919. The duty to ensure that the plane was unloaded was clearly within their responsibilities, failure to do so was breach of standard procedure, and resulted in serious safety issues and customer dissatisfaction.

As for Plaintiff specifically, and discussed at length in this Court's previous Order granting summary judgment (#83), he has an extensive disciplinary record and, on multiple occasions, received formal notice that his job performance was unacceptable. These additional facts that are personal to Plaintiff very well could have, and likely did, contributed to Defendant firing him.

This Court has heard and analyzed Plaintiff's allegations, has made the only appropriate decision, and has now reconsidered and arrived at the same conclusion: there simply is no logical inference of discrimination that results from these facts. Thus, this Court denies Plaintiff's motion for reconsideration.

**IV. Conclusion**

IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Defendant's Answer and Pleadings (#86) is **DENIED with prejudice**;

IT IS FURTHER ORDERED Plaintiff's Motion to Extend Time to Amend Motion to Strike (#90) is **DENIED**;

IT IS FURTHER ORDERED Plaintiff's Amended Motion to Strike Defendant's Answer and Pleadings (#91) is **DENIED**;

IT IS FURTHER ORDERED Defendant's Motion to Extend Time to Respond to Plaintiff's Motion to Strike Answer (#88) is **GRANTED**;

IT IS FURTHER ORDERED Defendant's Motion to Strike Plaintiff's Amended Motion to Strike Defendant's Answer and Pleading (#92) is **GRANTED**.

DATED this 15th day of March, 2018.

Kent J. Dawson
United States District Judge