# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT CALLENDER II,<br><br>                  Plaintiff,<br><br>    v.<br><br>DELTA AIR LINES, INC.,<br><br>                  Defendant. | Case No. 2:14-CV-02199-KJD-PAL<br><br>ORDER |

       Presently before the Court is Plaintiff's Motion to Disqualify Judge (#95) and Motion to Set Aside Judgment (#96). Defendant filed a response (#98).

       Plaintiff asserts that the court must recuse itself pursuant to 28 U.S.C. § 455(a) which states "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned[.]" Plaintiff then asserts four different rulings by the court that demonstrate that the Court's impartiality must be reasonably questioned. However, bias or prejudice justifying recusal must arise from an extrajudicial source and not from conduct or rulings made during the proceeding. See Toth v. Trans World Airlines, 862 F.2d 1381, 1387-88 (9th Cir. 1988). Here, Plaintiff's disagreement with the Court's ruling is a matter for appeal and not evidence of bias or prejudice.

       To the extent that Plaintiff argues that the Court's finding that Penlaver self-identified himself as Hispanic on the employer's form was an extrajudicial proceeding, Plaintiff has identified clearly judicial conduct and the finding is supported by evidence in the record. Again, as this court stated in its last order (#94), Penlaver's race is ultimately immaterial to Plaintiff's claims, because Plaintiff is not similarly situated to Hosking. Therefore, the Court denies Plaintiff's motion to disqualify judge.

Finally, Plaintiff's one paragraph motion to set aside judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) merely reiterates irrelevant arguments that he already raised in the briefing on motions for summary judgment and in his motions to strike and extend time (which were construed by the Court as Rule 60 motions). A motion for reconsideration under Rule 60(b) should not merely present arguments previously raised; it is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. See Maraziti v. Thorpe, 52 F.3d 252, 254-55 (9th Cir. 1995). For the same reasons previously cited by the Court (#94), and because Plaintiff merely raises old arguments, the Court denies the motion to set aside judgment.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Disqualify Judge (#95) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Motion to Set Aside Judgment (#96) is **DENIED**.

DATED this 28th day of February, 2019.

Kent J. Dawson
United States District Judge